UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AJMAL S., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )   2:22-cv-00122-JAW |
| | ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) |
| | ) |
|    Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the June 2, 2021, decision of the Administrative Law Judge. (ALJ Decision, R. 15.)[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has a severe but non-listing-level impairment consisting of bipolar disorder. The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but was limited to simple, routine work for two-hour intervals during the course of a typical eight-hour workday; no interaction with the general public, but can occasionally interact with coworkers and supervisors; and occasional changes in a routine work setting, such as hours of work, break and lunch periods, work processes, and performance expectations. (R. 21.)

The ALJ determined that Plaintiff could not perform past relevant work. Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of auto detailer, marker, and laundry folder. (R. 26-27.) The ALJ determined, therefore, that Plaintiff was not disabled. (R. 27.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind

might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends the ALJ's decision is not supported by substantial evidence because in assessing Plaintiff's RFC, the ALJ erroneously concluded that the opinions of a consultative examiner, Christopher Muncie, Psy.D., and Plaintiff's treating psychiatric nurse practitioner, Sadie Knott, PMHNP, were not persuasive.

Following a February 20, 2019, examination of Plaintiff, Dr. Muncie, noting a deterioration in Plaintiff's functioning since his first manic episode in 2018, and Plaintiff's suspicious and paranoid beliefs, wrote:

[I]t would appear that [Plaintiff] would have an extremely difficult time being able to maintain his attention and concentration within a work setting and coping with even minimal demands associated with a work environment.

(R. 422-23.) In an RFC assessment prepared in 2021, Nurse Practitioner Knott wrote that Plaintiff was unable to satisfy the requirements of an unskilled work environment. (R. 567-68.) Nurse Practitioner Knott found that Plaintiff could not understand, remember, and carry out simple instructions, could not respond appropriately to supervision or coworkers, would be off-task at least 15% of the time, and would miss work at least three days each month. (R. 568.)

The ALJ found Dr. Muncie's opinion was "not well supported nor consistent with

3

the record as a whole." (R. 25.)  The ALJ reasoned that Dr. Muncie's findings were evidently based on the "subjective descriptions" of Plaintiff and his sister rather than the objective medical findings, which were "entirely benign." (*Id*.)  The ALJ also observed that Dr. Muncie's opinion was inconsistent with "the overall benign mental status examination findings of [Plaintiff's] treating psychiatric nurse practitioner." (*Id*.)

The ALJ found that Nurse Practitioner Knott's opinion was "not well supported and not consistent with the evidence in the record." (*Id*.)  The ALJ determined that the opinion was not consistent with Nurse Practitioner Knott's treatment notes, which describe Plaintiff's condition as overall stable and reflect benign mental health status examination findings. (*Id*.)

In forming Plaintiff's RFC, the ALJ relied on the opinions of state agency consultants David Houston, Ph.D., and Thomas Knox, Ph.D.  He described their findings as "well supported and consistent with the evidence in the record." (R. 24.)  The ALJ determined the findings of Drs. Houston and Knox were consistent with the benign mental status examination findings of Nurse Practitioner Knott and Dr. Muncie, and the daily activities reported by Plaintiff. (*Id*.)

The ALJ must consider and weigh the conflicting evidence as presented in this case. *See Rodriguez*, 647 F.2d at 222 ("the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts.")  Although the ALJ conceivably could have resolved the conflict of evidence differently, the ALJ's assessment of the expert opinion evidence, the medical record, and Plaintiff's activity level is not unreasonable.  That is, an ALJ could

4

reasonably conclude the benign mental health findings upon Plaintiff's presentation at various examinations and Plaintiff's reported activity level are more consistent with the opinions of Drs. Houston and Knox than the opinions or findings of Dr. Muncie and Nurse Practitioner Knott. The ALJ's decision, therefore, is supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 25th day of January, 2023.